**Yuan Sui NJOO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75604.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Robert G. Ryan, Law Offices of Eugene C. Wong Inc., San Francisco, CA, for Petitioner.

Frank W. Fraser, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Yuan Sui Njoo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Njoo failed to establish past persecution because his experiences in Indonesia, even when considered cumulatively, do not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Furthermore, even if the disfavored group analysis set forth in *Sael* applies to withholding of removal claims, Njoo has not established a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Lastly, the record does not compel the conclusion that Njoo demonstrated a pattern or practice of persecution against ethnic Chinese. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Njoo's withholding of removal claim fails.

Finally, Njoo's CAT claim fails because he has failed to show it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.